IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN PHILLIPS, | : | Civil Action No. 4:14-CV-1919 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE CO., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
May 29, 2015

Pending before this Court is Defendant State Farm Mutual Automobile

Insurance Co.'s motion to dismiss Plaintiff Calvin Phillips' amended complaint for

failure to state a claim upon which relief can be granted pursuant to Federal Rule

of Civil Procedure 12(b)(6).  Plaintiff's amended complaint seeks recovery on

several bases for the failure of Defendant to pay what he alleges is the entire

amount of underinsured motorist benefits (hereinafter "UIM") due under his

insurance policy.  He asserts a claim for $225,000 in additional underinsured

motorist benefits (Count I), a claim for statutory bad faith (Count II), and a claim

for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection

Law (hereinafter, "UTPCPL") (Count III).  Defendant seeks to dismiss only Count

III of Plaintiff's amended complaint.

1

The matter has been fully briefed and is now ripe for disposition.  In accordance with the following reasoning, Defendant's motion to dismiss is granted.  Count III of Plaintiff's amended complaint is dismissed without prejudice with leave to amend in accordance with the following reasoning.

## I. BACKGROUND

Plaintiff alleges that on October 18, 2013, he was injured in an automobile accident while riding his newly leased Harley Davidson motorcycle.  The accident was caused by Georgine Miller's failure to observe Plaintiff's motorcycle before turning left into a parking lot.  Unfortunately, Ms. Miller did not have sufficient insurance coverage to compensate Plaintiff for the losses he sustained.  Consequently, he made a demand for UIM coverage from his own insurer, Defendant, under two different insurance policies.[1]

Despite Plaintiff's belief that the total amount of coverage pursuant to each policy was $300,000, Defendant initially offered to pay only $45,000 on each policy.  After several months of discussions with Plaintiff, Defendant agreed to reform one of the policies and issued a check for $300,000 on that policy; however, Defendant refused to reform the other policy and issued only $45,000 to Plaintiff under that policy.  The instant lawsuit ensued.

---

[1] These policies have a fairly detailed history, which is recited at length in Plaintiff's amended complaint.  Because the history of these policies is largely irrelevant to the issue currently before the Court, the Court will not repeat those facts here.

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim

for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests.'" *Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. *See Hellmann*, 2008 WL 1969311 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490

U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id.* at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

## III. DISCUSSION

Under Count III for violations of the UTPCPL, Plaintiff alleges that Defendant improperly and inadequately investigated Plaintiff's claim for $300,000 under the policies, "failing to either promptly read and/or properly interpret its own underwriting documents, unreasonably delaying payment of the full amount of the policy." Further, Plaintiff alleges that Defendant "falsely misrepresent[ed] the terms of Plaintiff's insurance coverage" under the policies.

Defendant argues that Plaintiff has failed to set forth a valid claim under the UTPCPL because Plaintiff has failed to allege deceptive acts and justifiable reliance which are necessary elements of a UTPCPL claim.[2] Plaintiff responds he has sufficiently pled enough facts relating to the elements of deceptive conduct and justifiable reliance.

The UTPCPL enumerates twenty "unfair methods of competition" and "unfair or deceptive acts or practices" that businesses are prohibited from engaging

---

[2] Defendant makes another argument that Plaintiff is alleging only nonfeasance on behalf of Defendant, which is not actionable under the UTPCPL. Because the Court will dismiss this count on other grounds, it will not address this argument in the instant memorandum.

in. 73 P.S. § 201-2(4)(i)-(xx).  There is, further, a catch-all provision that prohibits any "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).  It is under this catch-all provision that Plaintiff brings his UTPCPL claim against Defendant.

"[T]he general purpose of the UTPCPL is to protect the public from fraud and unfair deceptive business practices." *Burke v. Yingling*, 666 A.2d 288, 291 (Pa.Super. 1995).  Accordingly, the act is to be construed liberally so as to effectuate that purpose. *See Wilson v. Parisi*, 549 F.Supp.2d 637, 666 (M.D.Pa. 2008) (Vanaskie, J.); *see also Keller v. Volkswagen of America, Inc.*, 733 A.3d 642, 646 (Pa.Super. 1999).  A 1996 amendment to the UTPCPL expanded the ambit of the catch-all provision to include not only fraudulent conduct, but also deceptive conduct.  73 P.S. § 201-2(4)(xxi).  The United States Court of Appeals for the Third Circuit has interpreted this expansion to suggest that a plaintiff can prove a violation of the catch-all provision without proving all of the elements of common law fraud; rather, a plaintiff need only prove deceptive conduct. *See Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 498 (3d Cir. 2013); *see also Fazio v. Guardian Life Ins. Co.*, 62 A.3d 396, 406 (Pa.Super. 2012).  To that end, "[a] deceptive act is the act of intentionally giving a false impression or a tort arising from a false representation made knowingly or recklessly with the intent

that another person should detrimentally rely on it." *Wilson*, 549 F.Supp.2d at 666

(citing *In re Patterson*, 263 B.R. 82, 94 (E.D.Pa. 2001)).

    In addition to deceptive conduct, a UTPCPL plaintiff must also prove

justifiable reliance on the defendant's deceptive conduct; that is, he must prove that

he justifiably bought the product or service in the first instance, or that he engaged

in some other detrimental activity because of the deceptive conduct. *See Hunt v.*

*U.S. Tobacco Co.*, 538 F.3d 217, 222 (3d Cir. 2008); *see also Weinberg v. Sun Co.*,

777 A.2d 442, 445 (Pa. 2001).  Proving justifiable reliance requires that a plaintiff

establish more than "simply a causal connection between the misrepresentation and

the harm." *Id.* at 222.  Finally, a plaintiff must also prove that he suffered harm as a

result of that reliance. *See Johnson v. MetLife Bank, N.A.*, 883 F.Supp.2d 542, 548

(E.D.Pa. 2012) (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425,

438 (Pa. 2004)).

    1. Allegations that Defendant improperly investigated his claim

    The first basis of Plaintiff's UTPCPL claim rests on his contention that

Defendant improperly and inadequately investigated his claim for $300,000 by

"failing to either promptly read and/or properly interpret its own underwriting

documents, unreasonably delaying in payment of the full amount of the policy."

Plaintiff does not elaborate on this alleged conduct, merely stating in the next

paragraph of the amended complaint that "Defendant's conduct and action

7

constitute unfair and deceptive practices."  Such allegations do not constitute

deceptive conduct under the UTPCPL.  Even assuming that Defendant did not

properly investigate Plaintiff's claim, Plaintiff has alleged no facts to the effect that

this allegedly improper conduct was intentionally done to give a false impression

(or what that false impression would be), nor has he alleged a false representation

made knowingly or recklessly.  Moreover, his blanket assertion that such conduct

constitutes deceptive conduct under the UTPCPL is an unsupported legal

conclusion which is insufficient to overcome the dearth of facts in his pleading.

Additionally, Plaintiff has failed to adequately plead an injury stemming

from his justifiable reliance upon Defendant's conduct.  He appears to allege that

he justifiably relied on Defendant's improper investigation by filing the instant

lawsuit and therefore his injury is the monetary costs of this litigation.  However,

"the mere acquisition of counsel [does] not suffice to satisfy the 'ascertainable

loss' requirement." *Grimes v. Enterprise Leasing Co. of Philadelphia, LLC*, 105

A.3d 1188, 1193 (Pa. 2014).  In formulating this rule of law, the Pennsylvania

Supreme Court explicitly relied upon the fact that the UTPCPL separately provides

in another section for awards of "costs and reasonable attorney fees," *see* 73 P.S. §

201-9.2(a); therefore, the plain language of the statute "makes it readily apparent

that the General Assembly deemed ascertainable losses and attorneys' fees to be

distinct items for redress." *Id.*   Moreover, that court acknowledged that "if

attorneys' fees were to be considered in the calculation of 'ascertainable loss,' the explicit provision for the award of attorneys' fees would be superfluous." *Id.* at 1194.  Consequently, this aspect of Plaintiff's UTPCPL claim is dismissed without prejudice with leave to amend to allege *particularized* facts demonstrating that Defendant's conduct in improperly investigating his claim was done intentionally to give Plaintiff a false impression.  Further, Plaintiff also must allege an ascertainable loss that is distinct from the initiation of the instant litigation and its associated costs.

2. Allegations that Defendant misrepresented the terms of coverage under his policy

Plaintiff next alleges as a basis for his UTPCPL claim that Defendant misrepresented the terms of coverage under his policy.  The Court infers from Plaintiff's allegations that he is claiming Defendant made this misrepresentation knowingly and recklessly, with the intent that Plaintiff rely upon it.  To the extent that this is the case, Plaintiff has adequately alleged deceptive conduct sufficient to survive a motion to dismiss.  Similarly, at this early stage in the litigation Plaintiff has adequately alleged that he justifiably relied upon this misrepresentation.

However, this Court can discern no allegation of injury other than the one already discussed in the preceding section, that is, that he was "forced to engage in unnecessary negotiations through legal counsel and to engage in the instant

litigation." Again, this is an insufficient allegation of harm under the UTPCPL. *See Grimes*, 105 A.3d at 1193.  Consequently, this aspect of Plaintiff's UTPCPL claim is dismissed without prejudice also with leave to amend to allege some harm other than the initiation of the instant litigation and its associated costs.

## IV. CONCLUSION

In accordance with the foregoing analysis, Defendant's motion to dismiss is granted.  Count III of Plaintiff's amended complaint is dismissed without prejudice with leave to amend in accordance with the Court's articulated reasoning.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge